UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH CRAIGO #521415,

               Plaintiff,                                  Hon. Janet T. Neff

v.                                               Case No. 1:18-cv-739

RICHARD BEHNKE, et al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 51), <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 63), and <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 71).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motions be **granted**, and this matter **terminated**.


**BACKGROUND**

Plaintiff initiated the present action on July 2, 2018, against: (1) Cass County; (2) Advanced Correctional Helathcare; (3) Sheriff Richard Behnke; (4) Undersheriff Clinton Roach; (5) Captain Kevin Garrelts; (6) Medical Provider Joseph Mashni; and (7) Nurse Susanne Salisbury. Plaintiff alleges that Defendants "acted with deliberate indifference to [his] medical needs" between March 28, 2017, and June 26, 2018.   Specifically, Plaintiff alleges that Defendants failed to provide

-1-

appropriate treatment for his pancreatitis and foot infection.   The parties have now all moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-

moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

## I.        Denial of Medical Treatment

Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to properly treat his pancreatitis and foot infection.   The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations

-3-

which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

-4-

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).   To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

## II.        Defendant Cass County

Plaintiff asserts this action pursuant to 42 U.S.C. § 1983 which provides, in relevant part, that "[e]very person who," under color of law, "subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."   42 U.S.C. § 1983.   A municipality or other entity of local government may be held liable under § 1983 if "the governmental body itself 'subjects' a person to a deprivation

of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Governmental entities, however, "are not vicariously liable under § 1983 for their employees' actions," but instead can only be held liable for "their own illegal acts." *Ibid.* To impose liability on a governmental entity, the plaintiff "must prove that action pursuant to official municipal policy caused their injury." *Id.* at 60-61. In this context, official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

As discussed herein, Plaintiff cannot establish that he suffered a violation of his rights. Moreover, even if the Court assumes that Plaintiff did, in fact, suffer a violation of his rights, Plaintiff has failed to present evidence from which a reasonable person could find that the County was responsible for such. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment as to Defendant Cass County be denied and Defendant Cass County's motion for summary judgment be granted.

## III.        Defendant Advanced Correctional Healthcare

Plaintiff has named Advanced Correctional Healthcare (ACH) as a defendant in this matter, but the only allegation Plaintiff asserts against ACH is that "they are responsible for the actions of [their] employees." (ECF No. 1 at PageID.7). To the contrary, ACH is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To establish liability against ACH, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" an ACH policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that ACH had notice or constructive notice of such; (3) that ACH tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Ibid.*

As discussed below, Plaintiff cannot demonstrate that he suffered a violation of his rights. Moreover, even if the Court assumes that Plaintiff's rights were, in fact, violated, Plaintiff has failed to present evidence from which a reasonable person could find that such violation was "because of" any ACH policy, practice, or custom. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment as to Defendant Advanced Correctional Healthcare be denied and Defendant Advanced Correctional Healthcare's motion for summary judgment be granted.

## IV.        Defendants Behnke and Roach

In his complaint, Plaintiff alleges that Sheriff Behnke and Undersheriff Roach "are responsible for jail policy and legally responsible for the actions of [their] staff." (ECF No. 1 at PageID.6). Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir., Mar. 18, 2009) (citing *Bass*, 167 F.3d at 1048). Likewise, liability does not attach to a supervisory employee "based solely on the right to control employees, or simple awareness of employees' misconduct." *Stafford*,

317 Fed. Appx. at 486-87.   Instead, Plaintiff must demonstrate *personal involvement* by a particular

defendant.   *See Bass*, 167 F.3d at 1048 (liability is not to be found in passive behavior or an alleged

failure to act, rather liability must be based upon "active unconstitutional behavior").

Plaintiff has failed to present evidence that Defendants Behnke or Roach were

personally involved in any conduct or activity which violated his rights.   The undersigned

recommends, therefore, that Plaintiff's motion for summary judgment as to Defendants Behnke and

Roach be denied and Defendant Behnke's and Roach's motions for summary judgment be granted.

**V.          Defendants Garrelts, Salisbury and Mashni**

Plaintiff alleges that he requires a specific medication, Creon,[1] to treat his pancreatitis

which Defendants refused to prescribe for him.   Plaintiff further alleges that he was not provided

proper treatment for a foot infection.   In support of their motions, Defendants have submitted several

affidavits as well as copies of portions of Plaintiff's medical records.   Plaintiff has likewise submitted

a significant amount of evidence, including affidavits, copies of jail and prison documents, portions

of his medical records, and Defendants' responses to various discovery requests.   This evidence

reveals that Plaintiff's claims are based on nothing more than his disagreement with the medical

judgment and treatment decisions of his care providers.

A.          Pancreatitis

Plaintiff was diagnosed with pancreatitis in 2014 for which he was prescribed Creon

and a low-fat diet.   (ECF No. 51-1 at PageID.431-36, 440).   According to Defendant Mashni,

"[c]hronic pancreatitis typically presents as chronic pain with episodic flares."   (ECF No. 63-4 at

---

[1] Creon contains digestive enzymes which help break down and digest fats, starch, and proteins in food.  *See* Creon,
available at, https://www.webmd.com/drugs/2/drug-152580/creon-oral/details (last visited on July 23, 2019).

PageID.724).   Treatment notes dated February 1, 2016, indicate that Plaintiff's pancreatitis was "clinically stable" and, moreover, that Plaintiff's "last major episode [was] over 2 years ago."   (*Id.* at PageID.443-45).

On March 31, 2017, Plaintiff began his incarceration at the Cass County Jail after which he was treated by Defendant Mashni.   (ECF 63-4 at PageID.724).   Defendant Mashni concluded that Plaintiff's "symptoms were not consistent with an episodic flare of pancreatitis."   (*Id.*). Nevertheless, Mashni "ordered bloodwork to assess [Plaintiff's] pancreatic sufficiency, which revealed that [Plaintiff's] pancreatic enzymes, Amylase and Lipase, were within normal range."   (*Id.*). Mashni ordered that Plaintiff's pancreatic enzymes "be checked every two to four weeks to ensure sufficiency."   (*Id.*).

Defendant Mashni asserts that had Plaintiff exhibited elevated levels of pancreatic enzymes, he would have considered treating Plaintiff with a pancreatic enzyme supplement such as Creon.   (*Id.*).   Defendant Mashni further asserts that Plaintiff's pancreatic enzyme levels "were always within normal range."   (*Id.*).   Plaintiff has presented no evidence to the contrary.   As for Defendant Salisbury, she asserts that the assessment and treatment of Plaintiff's pancreatitis was directed by Defendant Mashni, whose directives she followed.   (ECF No. 63-5 at PageID.726-28). As for Defendant Garrelts, he asserted, in sworn responses to Plaintiff's discovery requests, that he is not a medical professional and is not permitted to prescribe medication.   (ECF No. 51-1 at PageID.460-65).   Plaintiff has presented no evidence to the contrary.

In sum, Plaintiff has demonstrated nothing more than his disagreement with the medical judgment and treatment decisions of his care providers.   Plaintiff received medical monitoring and

care for his pancreatitis.   While Plaintiff may believe that this care constitutes negligence or malpractice, such does not implicate the Eighth Amendment.

       B.     Foot Infection

Plaintiff alleges that Defendants failed to properly treat a foot infection he was experiencing.   An examination of Plaintiff's foot revealed an abscess, but no evidence of infection. (ECF No. 63-5 at PageID.727; ECF No. 65 at PageID.752, 754).   Nevertheless, Plaintiff was provided antibiotic medication, pain medication as well as "daily foot soaks, and debridement when necessary." (ECF No. 63-5 at PageID.727).   Plaintiff has presented no evidence from which a reasonable person could find that the care Plaintiff received for his foot was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."   Likewise, Plaintiff cannot establish that Defendants acted with "deliberateness tantamount to intent to punish."

Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment as to Defendants Garrelts, Salisbury and Mashni be denied and Defendant Behnke's and the motions for summary judgment by Defendants Garrelts, Salisbury and Mashni be granted.

## **<u>CONCLUSION</u>**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 51), be **denied**; <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 63), be **granted**; <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 71), be **granted**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 29, 2019          /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge